IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

WILLIE ARTHUR SULLEN,              :
                                   :
    Petitioner,                    :
                                   :
vs.                                :     CIVIL ACTION 14-0112-CG-M
                                   :
CYNTHIA STEWARD,                   :
                                   :
    Respondent.                    :

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia Steward and against Petitioner Willie Arthur Sullen pursuant to 28 U.S.C. § 2244(d). It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis.*

1

Petitioner was convicted of first-degree domestic violence in the Mobile County Circuit Court on May 26, 2010 for which he received a sentence of twenty-five years in the state penitentiary (Doc. 1, p. 2). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 10, Exhibit A). Sullen sought neither a rehearing in the Alabama Court of Criminal Appeals nor *certiorari* in the Alabama Supreme Court (*see* Doc. 1, p. 3). The certificate of final judgment was entered on March 9, 2011 (Doc. 10, Exhibit C).

Petitioner filed a Rule 32 petition on August 25, 2011 in the Mobile County Circuit Court (*see* Doc. 1, p. 4). On July 1, 2012, Sullen filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals, asking it to get the Circuit Court to rule on his Rule 32 petition (Doc. 10, Exhibit E; *see also* Doc. 10, p. 3). On September 7, 2012, the Appellate Court denied the mandamus petition, finding that the Circuit Court Judge had denied Sullen's request for *in forma pauperis* status on September 26, 2011 and that, because Petitioner had never paid a filing fee, the Rule 32 petition had not been properly filed (Doc. 10, Exhibit F). On November 28, 2012, Sullen filed a second petition for writ of mandamus, seeking again, to get the lower court to rule on his Rule 32 (Doc. 10, Exhibits D, G). On February 7, 2013, the Alabama Court of Criminal Appeals

denied the petition, again, for the same reasons it had set out in its first denial (*see* Doc. 10, Exhibit H). On March 3, 2014, Sullen's petition for *certiorari* was struck by the Alabama Supreme Court for his failure to comply with Court rules (Doc. 10, Exhibit I).

Petitioner filed a complaint with this Court on March 5, 2014 raising the following claims: (1) His attorney rendered ineffective assistance; and (2) the State Courts improperly dismissed his Rule 32 petition after failing to rule on it for more than two years (Doc. 1).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 10, pp. 5-8). Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) that amended, in pertinent part, 28 U.S.C. § 2244. The specific provision states as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

3

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

Petitioner's conviction became final on March 9, 2011, the day on which the certificate of final judgment was entered (*see* Doc. 10, Exhibit C). However, because Sullen had ninety days in which to seek direct review of his conviction in the United States Supreme Court, those ninety days do not count against him—whether he actually sought review or not. *See Coates v. Byrd*, 211 F.3d 1225, 1226-1227 (11th Cir. 2000) *cert. denied*, 531 U.S. 1166 (2001). Petitioner's last opportunity to seek *certiorari* in this country's highest court was June 7, 2011, so the AEDPA clock began to run the next day.

Petitioner's habeas corpus petition was not filed in this Court until March 5, 2014, nearly thirty-three months after the AEDPA clock began to run. This means that it was filed nearly twenty-one months too late.

Sullen had filed a Rule 32 petition in State court on August 25, 2011. This filing occurred before the one-year AEDPA limitations period had run. The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to

4

the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

However, as indicated in the rulings of the Alabama Court of Criminal Appeals in denying Sullen's mandamus petitions, his Rule 32 was not properly filed because he did not pay the filing fee (Doc. 10, Exhibits F, H). The United States Supreme Court has held the following:

> [A]n application [for state postconviction or other collateral review] is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (citations and footnote omitted).

The Court finds that *Artuz* supports the Government's argument that Sullen's Rule 32 petition was not properly filed. Therefore, the actual filing of the Rule 32, as it was not proper as defined by State rules, did not toll the AEDPA clock.

The Court notes that Sullen, in rebuttal, has argued that the filing fee for the State Rule 32 petition was paid on December 12, 2012 (Doc. 1, p. 12; Doc. 12, p. 2). The Court

5

finds, however, that although this may well be true, the AEDPA clock's one-year limitation period ran on June 7, 2012. Therefore, the fee was filed too late for Sullen to take advantage of the tolling provisions.

Clearly, Petitioner's habeas corpus petition was filed beyond the one-year limitations period and filed in violation of 28 U.S.C. § 2244(d). The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia Steward and against Petitioner Willie Arthur Sullen pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district

6

court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Sullen has not filed this action in a timely manner, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

CONCLUSION

It is recommended that Petitioner's petition for writ of

habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 10th day of July, 2014.

> s/BERT W. MILLING, JR.
> UNITED STATES MAGISTRATE JUDGE