IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **WILLIE ARTHUR SULLEN**, | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL ACTION NO. 14-0112-CG-M ) ) |
| **CYNTHIA STEWARD**, | ) ) |
| Respondent. | ) |

**ORDER**

The United States Court of Appeals for the Eleventh Circuit *sua sponte* remanded this case "for a determination as to whether [Willie Arthur Sullen] is eligible for relief" under Federal Rule of Appellate Procedure 4(a)(6). (Doc. 29).

**KGROUND**

A jury convicted the Petitioner ("Sullen") of first-degree domestic violence on May 26, 2010, and the Mobile County Circuit Court sentenced him to serve twenty-five years in the state penitentiary. (Doc. 1, p. 2). On appeal, the Alabama Court of Criminal Appeals affirmed the conviction (Doc. 10, Exhibit A). Sullen sought neither a rehearing in the Alabama Court of Criminal Appeals nor certiorari in the Alabama Supreme Court (see Doc. 1, p. 3). The certificate of final judgment was entered on March 9, 2011 (Doc. 10, Exhibit C).

1

Sullen filed a Rule 32 petition on August 25, 2011 in the Mobile County Circuit Court (see Doc. 1, p. 4). On July 1, 2012, Sullen filed a petition for writ of mandamus with the Alabama Court of Criminal Appeals, seeking to force the circuit court to rule on his Rule 32 petition (Doc. 10, Exhibit E; see also Doc. 10, p. 3). On September 7, 2012, the appellate court denied the mandamus petition, finding that the circuit court judge denied Sullen's request for in forma pauperis status on September 26, 2011, and that because Petitioner had never paid a filing fee, the Rule 32 petition had not been properly filed (Doc. 10, Exhibit F). On November 28, 2012, Sullen filed a second petition for writ of mandamus, seeking again, to have the lower court to rule on his Rule 32 (Doc. 10, Exhibits D, G). On February 7, 2013, the Alabama Court of Criminal Appeals again denied the petition for the same reasons it denied the first petition (see Doc. 10, Exhibit H). On March 3, 2014, Sullen's petition for certiorari was struck by the Alabama Supreme Court for his failure to comply with Court rules (Doc. 10, Exhibit I).

Petitioner filed a complaint with this Court on March 5, 2014 raising the following claims: (1) His attorney rendered ineffective assistance; and (2) the State Courts improperly dismissed his Rule 32 petition after failing to rule on it for more than two years. (Doc. 1).

Respondent answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 10, pp. 5-8). Respondent refers to provisions of the Anti-Terrorism and Effective

Death Penalty Act of 1996 (hereinafter AEDPA) that amended, in pertinent part, 28 U.S.C. § 2244. On July 10, 2014, the Magistrate Judge entered a report and recommendation with the finding that the Petitioner's claims were time-barred and due to be dismissed. (Doc. 13).

On August 8, 2014, this Court adopted the Magistrate Judge's report and recommendation and entered a judgment denying and dismissing the petitioner's habeas petition. (Doc. 16). On December 30, 2014, the petitioner sent a letter to the court requesting information concerning his case. (Doc. 19).

On April 17, 2015, the Eleventh Circuit Court of Appeals *sua sponte* entered a remand order stating that Petitioner's letter requesting information concerning the case must be liberally construed as a motion to reopen the appeal period.

## ANALYSIS

Petitioner may not have received actual notice of the district court's August 8, 2014 order denying his habeas petition and did not appeal the order within the 30–day time period set forth in Rule 4(a). Under Rule 4(a), the petitioner had 30 days from August 8, 2014, the date Judgment was entered, or until September 6, 2014, to timely file a notice of appeal. Vencor Hospitals, Inc. v. Standard Life & Acc. Ins. Co., 279 F.3d 1306, 1309 (11th Cir. 2002)(Pro se litigants, like counseled parties, must adhere to time requirements); see also Garvey v. Vaughn, 993 F.2d 776, 780 (11th Cir. 1993).

3

Ordinarily, a habeas petitioner's failure to timely file a notice of appeal is "fatal" to his appeal, "because the timely filing of a notice of appeal is mandatory and jurisdictional." Hollins v. Dep't of Corr., 191 F.3d 1324, 1326 (11th Cir. 1999).

Prior to 1991, neither the Federal Rules of Civil Procedure nor the Federal Rules of Appellate Procedure contained provisions permitting an extension of the time limit for filing an appeal when a party entitled to receive notice of the entry of a judgment or order fails to receive such notice. Vencor, 279 at 1309. In 1991, however, Federal Rule of Appellate Procedure 4(a) was amended to include subsection (6), which states:

> (6) Reopening the Time to File an Appeal. The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
>> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>>
>> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>>
>> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) "balances the inequity of foreclosing appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments." Vencor, 279 at 1309. Due to the

4

policy to "liberally construe" *pro se* pleadings, the Court considers his letter requesting information about his case as a motion to reopen under Fed. R. App. 4(a)(6). See e.g. Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.")(internal citations omitted); see also Sanders v. U.S., 113 F.3d 184, 187 (11th Cir. 1997)(finding that pro se petitioner's notice should be treated as a motion to reopen under Rule 4(a)(6) when it was clear he never received the District Court's order dismissing the case). It is necessary then, to consider whether the Sullen meets the three conditions set forth in Fed. R. App. P. 4(a)(6) and may reopen the time period to appeal.

The first condition is that the moving party, here, Willie Arthur Sullen, did not receive notice under Fed. R. Civ. P. 77(d) of the entry of the judgment. Non-receipt is difficult to conclusively prove. Nunley v. City of Los Angeles, 52 F.3d 792, 796 (9th Cir. 1995). The party seeking to reopen the time for appeal under Rule 4(a)(6) bears the burden of proving non-receipt of notice. McDaniel v. Moore, 292 F.3d 1304, 1307 (11th Cir. 2002). However, "[w]hile Rule 4(a)(6) puts the burden on the moving party to demonstrate non-receipt, the rule does not mandate a strong presumption of receipt." Nunley, 52 F.3d at 796; see also McDaniel, 292 F.3d at 1307. Indeed, the purpose of the rule is to "provide relief from the risk of non-receipt." Nunley, 52 F.3d at 795. Sullen provided no direct evidence or affidavit of non-receipt. However, his letter has

5

every indication of non-receipt, when he wrote "I want to know the status of case no. civil action 14-0112-CG-M." (Doc. 19). Due to the policy to "liberally construe" *pro se* pleadings, the Court considers his letter requesting information as indication of non-receipt. (Doc. 19).

The second condition is that the moving party file a motion to reopen within 180 days of the judgment or within 14 days of notice under Fed. R. Civ. P. 77(d). Here, the Court entered judgment in the case on August 8, 2014 and the Petitioner sent his letter on December 30, 2014. Under the "mailbox rule," the court deems the letter filed on the date Sullen delivered it to prison authorities for mailing, presumptively, December 30, the day that he signed it. See Houston v. Lack, 487 U.S. 266, 271–72, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); see also United States v. Hughes, 432 F. Supp. 2d 1250, 1251 (M.D. Ala. 2006); Washington v. U.S., 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, Sullen's letter falls well within the 180-day time limit as required by Fed. R. App. P. 4(a)(6).

The final condition is that "no party would be prejudiced" by reopening the appeal period. The Advisory Committee Note from 1991 defines prejudice as "some adverse consequence other than the cost of having to oppose the appeal and encounter the risk of reversal, consequences that are present in every appeal. Prejudice might arise, for example, if the appellee had taken some action in reliance on the expiration of the normal time period for filing a notice of appeal." Fed. R. App. P. 4(a)(6) committee note. Here, the

Respondent has not demonstrated any reliance on Mr. Sullen's failed habeas petition and it is also unlikely that she will be prejudiced by reopening the appeal period.

Therefore, Sullen fulfills the three requirements of Fed.R.App.P. 4(a)(6) and it is within this Court's discretion to reopen the appeal period for 14 days. The petitioner having already filed the notice of appeal, which the Court deems as both a motion to reopen the appeal period as well as the required notice of appeal, the Court finds that it is timely filed.[1]

## CONCLUSION

Accordingly, the Court **REOPENS** the appeal period for 14 days pursuant to Fed. R. App. P. 4(a)(6), and finds that Sullen's appeal is timely filed. The Clerk is directed to return the case, supplemented with this Order, to the Court of Appeals.

**DONE** and **ORDERED** this 4th day of May, 2015.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] Reopening the period for appeal does not change the Court's prior order denying Sullen's certificate of appealability and finding that Sullen is not entitled to appeal in forma pauperis.